UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GRETCHEN LYNNE WAKATANI,

          Plaintiff,

v.                                  Case No. 25-CV-1406

BRANDON REINTJES,

          Defendant.

---

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

---

      Currently pending before the court is Gretchen Lynne Wakatani's Request to Proceed in District Court without Prepaying the Filing Fee.

      Having reviewed Wakatani's request, the court concludes that she lacks the financial resources to prepay the fees and costs associated with this action. Therefore, the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

      However, because the court is granting the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

      Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours &*

*Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a plaintiff has stated a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

3
Case 1:25-cv-01406-BBC    Filed 09/18/25    Page 3 of 5    Document 4

"Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint, which the court accepts as true at this stage.

Wakatani is facing criminal charges in Outagamie County Circuit Court. Her attorney requested that Brandon Reintjes assess whether Wakatani was competent to stand trial. Reintjes concluded that Wakatani was incompetent, offered that opinion at a hearing, and recommended that she receive inpatient treatment. Wakatani complains that Reintjes completed his evaluation in less than half of the 60 minutes he had scheduled and alleges that he found her delusional in retaliation for her exercising her rights trying to defend herself.

As a preliminary matter, Wakatani fails to allege facts suggesting that Reintjes was a state actor. Only if Reintjes was acting under color of state law could he plausibly be liable under 42 U.S.C. § 1983. *See Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019).

But more importantly, a witness is absolutely immune from civil liability for testimony in a judicial proceeding. *Briscoe v. Lahue*, 460 U.S. 325, 335-36 (1983). Thus, Wakatani cannot sue Reintjes for him providing his opinion at a hearing that Wakatani was incompetent. This is true even if Wakatani believes that Reintjes's opinion was unfair, based on insufficient information, or simply wrong. Because

Reintjes is absolutely immune from suit for the actions alleged in the complaint, Wakatani's complaint must be dismissed. *See* 28 U.S.C. § 1915(e)(2).

Ordinarily, the court should give a plaintiff at least one chance file an amended complaint. *See NewSpin Sports, Ltd. Liab. Co. v. Arrow Elecs., Inc.*, 910 F.3d 293, 310 (7th Cir. 2018). Here, however, it is clear that amendment would be futile. Wakatani's allegations all relate to opinions that Reintjes gave in conjunction with a judicial proceeding. Because Reintjes is absolutely immune for those opinions, amendment could not result in a plausible claim.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that Wakatani's complaint and this action are **dismissed** for failure to state a claim. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 18th day of September, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge